IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MOHAMMEDOU OULD SALAHI,<br>    Petitioner/Plaintiff | )<br>)<br>) | |
| v. | ) | Case No. 1:05cv00569(JR) |
| GEORGE W. BUSH, et al.,<br>    Respondents/Defendants. | )<br>)<br>)<br>) | |

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
MOTION FOR MODIFICATION OF ORDER STAYING PROCEEDINGS AND FOR
ORDER DIRECTING RESPONDENTS TO SUBMIT FACTUAL RETURN
AND MOTION FOR CONSOLIDATION OF RELATED CASES**

Petitioner Mohammedou Ould Salahi, through his undersigned counsel, respectfully moves this Court to consolidate the present case with the case Mr. Salahi initiated *pro se* before meeting with counsel and learning that counsel had filed a petition on his behalf. *See Slahi v. Bush*, 1:05-cv-0881 (RWR).[1] Mr. Salahi also asks this Court to order Respondents (the government) to provide counsel with access to the classified factual return filed last month pursuant to Judge Roberts's Order to Show Cause in Case No. 1:05-cv-881. The purpose of this memorandum is to advise the Court of recent developments that support Mr. Salahi's requests, in particular the filing of a factual return in Judge Roberts's courtroom and the government's improper refusal to provide counsel with the classified version of that return absent further action by this Court. For these reasons and the reasons set forth in Mr. Salahi's original motions and replies, Mr. Salahi asks this Court to consolidate this case with Judge Roberts's case and order the government to provide counsel with access to the classified factual return forthwith. As grounds, Mr. Salahi states:

---

[1] Mr. Salahi also had a petition pending in front of Judge Kessler (1:05-cv-00995(GK)), but that case has now been transferred to this Court.

## BACKGROUND

### Motion for Order Directing The Government to File a Factual Return

1. On April 27, 2005, Mr. Salahi filed a motion for modification of the stay issued by this Court to require the government to file a factual return certifying the true cause of his detention, as required by 28 U.S.C.A. § 2243.

2. Pursuant to this Court's May 4, 2005 Order, the government filed their opposition to Mr. Salahi's motion on May 6, 2005. Mr. Salahi filed his reply to the government's opposition on May 9, 2005.

3. On May 25, 2005, Mr. Salahi filed a motion for leave to file a supplemental memorandum in support of his request for a factual return, based on newly-discovered information that the government had released information about him to third persons in Germany. This Court granted the motion to file a supplemental memorandum on June 20, 2005.

4. This Court has not yet ruled on Mr. Salahi's motion for an order requiring the government to file a factual return in the present case.

### Motion to Consolidate

5. On June 27, 2005, Mr. Salahi filed a motion to consolidate this case with two other habeas cases Mr. Salahi initiated *pro se* before he learned that counsel had filed the habeas pending in this Court on his behalf. The multiple habeas cases arose because counsel have no access to the prisoners at Guantanamo except by mail that is extremely slow or by visiting the client.[2] During his first meeting with counsel, Mr. Salahi instructed counsel to move for

---

[2] Even visits are problematic. The government requires twenty days notice; the round-trip just from Ft. Lauderdale to Guantanamo is approximately $450; even after reservations are made and confirmed with the government, the government can change the date. We recently made reservations and confirmed plans to visit our client during the week of August 15 but the government required us to move the visit to the week of August 22.

2

consolidation of the three cases. In his motion to consolidate, Mr. Salahi also asked this Court to honor Judge Roberts's Order to Show Cause filed in 1:05-cv-881, in which Judge Roberts ordered the government to file a statement no later than July 15, 2005, showing why the Writ of Habeas Corpus should not issue.

6. The government filed their response to that motion on July 1, 2005. In that response, the government agreed that the cases should be consolidated, but opposed entry of any order in this Court compelling them provide a factual return, as explained more fully below. Mr. Salahi filed his reply on July 8, 2005.

7. This Court has not yet ruled on Mr. Salahi's motion to consolidate.

8. On July 28, 2005, the government filed a notice of multiple petitions in the three habeas cases initiated by or on behalf of Mr. Salahi.

9. The next day, Judge Kessler entered an order reassigning 1:05-cv-00995 to this Court. Case number 1:05-cv-00881 remains assigned to Judge Roberts.

**Case Number 1:05-cv-00881 (RWR)**

10. Although, Mr. Salahi prepared a *pro se* habeas petition to the District Court on March 3, 2005, *see Slahi v. Bush*, 1:05-cv-0881 (RWR), that petition did not reach the Court until the end of April 2005. It was filed on May 3, 2005, and assigned to Judge Roberts.

11. On May 12, 2005, Judge Roberts *sua sponte* issued an Order to Show Cause in that case. Judge Roberts's Order directed the government to file a statement showing why the writ should not be granted within forty-five days of service of the order.

12. On June 3, 2005, the government responded by filing a motion to stay and for coordination. On June 16, 2005, Judge Roberts granted in part and denied in part the motion to stay. Importantly, Judge Roberts did *not* stay the requirement that the government file a

3

statement in response to his Order to Show Cause, although he extended the deadline for filing the statement to July 15, 2005.

13. Pursuant to that Order, the government filed a factual return on July 15, 2005. As has been the practice in Guantanamo prisoner cases, the government filed both a classified and an unclassified return with the Court. Even though present counsel had entered their appearance in that cause, the government only provided counsel with the unclassified portion of the factual return.

14. After learning that the government had also filed a classified factual return, counsel contacted government counsel to make arrangements for viewing the classified return filed under seal. Government counsel stated that even though protective orders had been entered in this Court and two of Mr. Salahi's counsel had already signed the memoranda of understanding and acknowledgement of those orders,[3] and despite the fact that two of Mr. Salahi's counsel hold valid security clearances (and one, Nancy Hollander, holds a Top Secret Clearance), the government refused to disclose the classified return to Mr. Salahi's counsel. The government's justification for this sudden change of position from all other cases was---according to their counsel---because the protective orders the government had prepared and counsel had signed had not been entered in Judge Roberts's case. Mr. Salahi's counsel responded by agreeing to file a motion to enter the government's protective orders in 1:05-cv-0881 (RWR). Unbelievably, the government opposed the entry of its own protective orders in that case. *See* Exhibit 1. In response to counsel's request for their formal position on Mr. Salahi's motion for entry of the protective order in 1:05-cv-0881, the government arrogated to itself the decision it wanted this Court to take:

---

[3] As of the writing of this memorandum, all three of Mr. Salahi's counsel have been granted security clearance and have signed memoranda of understanding and acknowledgments as required by the protective orders.

4

> Respondents oppose entry of the protective order in 05-881. As we have stated in our response to your motion for consolidation of related cases, the 05-569 case is the only case filed by Mr. Salahi that should proceed, and Judge Robertson has not ordered submission of a factual return in that case. The protective order has already been entered in the 05-569 case, and you have already been able to utilize the counsel access procedures provided by the order. Your motion for entry of a protective order in the 05-881 case is solely to access a factual return that has not been required in the 05-569 case, which is the only case filed by Mr. Salahi that should proceed. Thus, respondents oppose your motion.

15. Mr. Salahi filed the motion for entry of the protective orders in 1:05-cv-0881 (RWR) on July 22, 2005. *See* Exhibit 2.

16. The government filed its opposition on July 22, 2005. *See* Exhibit 3. Mr. Salahi filed his reply to the opposition on July 25, 2005. *See* Exhibit 4.

17. Judge Roberts has not yet ruled on Mr. Salahi's motion for entry of the protective orders in 1:05-cv-0881 (RWR), and the government continues to refuse to provide counsel with access to the classified return.

**Qassim v. Bush, 1:05-cv-00497 (JR)**

18. On August 1, 2005, this Court held a hearing regarding the status of the Uighur prisoners Respondents continue to incarcerate at Guantanamo Bay Naval Station, despite the fact that the government determined long ago that they are not enemy combatants. *See* Transcript of August 1, 2005 Hearing, *Qassim v. Bush*, 1:05-cv-00497 (JR).

19. At that hearing, this Court heard firsthand the lengths to which the government will go to keep exculpatory evidence from this Court and from prisoners' counsel. *See id.* at 5 (describing how, after the government had privately determined that one of the prisoners was not an enemy combatant, the government concealed that fact in a pleading).

20. In response to this information and the arguments of counsel, this Court stated to the government's counsel:

5

> I'll tell you one thing, Counsel. You've talked me early on into not requiring returns to be filed in the cases. But I'm going to go back to all of my habeas cases this afternoon and change those orders. Because if you're telling me that it's only an order to file a return that will allow you to tell opposing counsel that their clients are no longer enemy combatants, that's a little hard for me to understand.

*Id.* at 21.

21. In the present case, counsel have reviewed the unclassified return filed in *Slahi v. Bush*, 1:05-cv-0881 (RWR). *See* Exhibit 5. The unclassified return shows at most that Mr. Salahi went to Afghanistan in the late 1980's and early 1990's to fight against the Russians and was trained in an al Qaeda camp at that time. He left Afghanistan after the Russians were defeated. The unclassified factual return contains no evidence that would support a finding that Mr. Salahi continued to be a member of al Qaeda after the defeat of the Russians in Afghanistan or that he has ever engaged in hostilities against the United States.[4] Without access to the classified return, counsel has no way of knowing why the government continues to incarcerate Mr. Salahi or whether the government even claims it has any grounds to continue holding him.

## DISCUSSION

When Mr. Salahi first asked this Court to order the government to produce a factual return, the government's primary objection was that the production of a factual return would result in the "needless expenditure of judicial and litigation resources" and would "result in an immense logistical burden." Respondent's Opposition to Petitioner's Motion for Modification of Order Staying Proceedings and for Order Directing Respondents to File a Factual Return, 2-3. That concern has been obviated by the filing of both a classified and unclassified return in the case assigned to Judge Roberts. The government also complained that it must obtain the return from the Department of Defense, arrange for the review of the return by other agencies, and

---

[4] Mr. Salahi was arrested when he turned himself in to authorities in his home country of Mauritania in late 2001. After that, agents of the United States took him to Jordan where he was incarcerated for eight months, then took him to Afghanistan and finally to Guantanamo where he has been since sometime in 2002.

6

prepare both public and classified versions of the return. None of these complaints have any merit now. All that Mr. Salahi asks is that his counsel receive access to the classified return already filed so they can effectively represent him. The government's efforts to deny access, despite counsels' adherence to the procedures outlined in the protective orders and despite the fact that the classified return has already been prepared and filed, is nothing more than inexcusable game playing and a "needless expenditure of judicial and litigation resources."

Mr. Salahi is not asking for anything out of the ordinary in this case; rather, he is asking only that the procedure the government has followed in every other case in which a classified return is filed pursuant to court order be followed in his case. To the best of our knowledge, the government has provided cleared counsel with a copy of the classified return, as required by the protective orders, in every case in which it has been required to file such a return. *See* Transcript of August 1, 2005 Hearing, *Qassim v. Bush*, 1:05-cv-00497 (JR), at 20-21 ("You know, as particular individuals in situations where we've had to file factual returns or whatever, obviously, we comply with that order and that is provided to counsel."). The government has offered no principled basis for refusing to follow that procedure in Mr. Salahi's case. Nonetheless, the government will refuse counsel access to the classified return absent an order by this Court or by Judge Roberts.

Counsel must have access to the classified return to properly represent Mr. Salahi and to insure that his fundamental rights are protected. The government has no reason to deny counsel the classified return in this case. The extraordinary effort to do so suggests the government has something to hide.

WHEREFORE, Petitioner Mohammedou Ould Salahi respectfully moves this Court to consolidate the present case with *Slahi v. Bush*, 1:05-cv-0881 (RWR), and to order the

government to provide counsel with access to the classified factual return filed last month pursuant to Judge Roberts's Order to Show Cause.

Dated: August 12, 2005

Respectfully submitted,

Sylvia Royce, *pro bono*
DC Bar Number 924035
Law Office of Sylvia Royce
5505 Connecticut Avenue NW #340
Washington, DC 20015
Tel: (202) 362-3445
Fax: (202) 686-4271
sylvia_royce@hotmail.com


/s/ Nancy Hollander
FREEDMAN BOYD DANIELS
HOLLANDER & GOLDBERG P.A.
Nancy Hollander, *pro bono*
Theresa M. Duncan, *pro bono*
20 First Plaza, Suite 700
Albuquerque, NM 87102
(505) 842-9960; (505) 842-0761 (facsimile)
nh@fbdlaw.com
tmd@fbdlaw.com


Counsel for Petitioner/Plaintiff